CORENE KENDRICK (SBN 226642)
KYLE VIRGIEN (SBN 278747)
ckendrick@aclu.org
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930

MARIA V. MORRIS (SBN 223903)
*mmorris@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6607

EMI MACLEAN (SBN 319071)
*EMacLean@aclunc.org*
ACLU OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br>    *Plaintiff*,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>    *Defendant*. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff American Civil Liberties Union seeks injunctive and declaratory relief to compel Defendant United States Department of Justice to disclose requested records which have been illegally withheld.

**Jurisdiction and Venue**

2.      This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**The Parties**

3.      Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, nonprofit, nonpartisan organization dedicated to protecting human rights and civil rights in the United States.  It is the largest civil liberties organization in the country, with multiple national offices and affiliate offices in 50 states and over 500,000 members. The ACLU is dedicated to holding the United States government accountable with respect to the rights of prisoners guaranteed by the U.S. Constitution and by universal human rights principles.  The ACLU has been involved in prison reform for more than half a century.  The ACLU promotes a fair and effective criminal justice system in which incarceration is used only as a last resort, and its purpose is to prepare prisoners for release and a productive, law-abiding life at the earliest possible time.  Through litigation, advocacy, and public education, the ACLU works to ensure that conditions of confinement are consistent with health, safety, and human dignity, and that prisoners retain all rights of free persons that are not inconsistent with incarceration.  The ACLU's current docket on behalf of incarcerated people includes class action civil rights suits in thirteen states and the U.S. Virgin Islands.

4.      Defendant United States Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government.  The Federal Bureau of Prisons ("BOP") is a component of defendant DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Background**

5. Jails and prisons in the United States have become our country's largest mental health provider. More than 40% of the people held in prisons and jails have been diagnosed with a mental health disorder.[1]

6. In 2016, in a study conducted by the Bureau of Justice Statistics, 7.9% of people in federal prisons reported serious psychological distress just within the prior 30 days. In the same study, 13.7% of people in federal prisons reported that they had been diagnosed with Major Depressive Disorder, 9.4% reported that they had been diagnosed with Bipolar Disorder, and 3.2% reported having been diagnosed with Schizophrenia or another psychotic disorder.[2] Each of these diagnoses is considered a serious mental illness by the BOP and generally.

7. The BOP appears to be failing to recognize and treat the mental health needs of the people in its custody.

8. The BOP considers fewer than 3.5% of the people in its custody to require mental health care despite almost 40% of the people coming into BOP custody flagged by a court or in their pre-sentencing reports as likely requiring mental health care.

9. The BOP considers approximately 4.4% of the people in its custody to have a serious mental illness even though far more than that report diagnoses that the BOP recognizes to be a serious mental illness. Further, the BOP classifies nearly half of the people it designates as having a serious mental illness as having no need for ongoing mental health care.

10. Also, the few people who are identified by the BOP as requiring mental health care are approximately twice as likely as people not so identified to be housed in solitary confinement, despite the well-recognized risks that solitary confinement poses to people who are mentally ill.

---

[1] Bureau of Justice Statistics, *Indicators of Mental Health Problems Reported by Prisoners and Jail Inmates, 2011-12*, Table 1, available at: https://bjs.ojp.gov/content/pub/pdf/imhprpji1112.pdf; Bureau of Justice Statistics, *Indicators of Mental Health Problems Reported by Prisoners, 2016*, Table 1; available at: https://bjs.ojp.gov/sites/g/files/xyckuh236/files/media/document/imhprpspi16st.pdf.
[2] Bureau of Justice Statistics, *Indicators of Mental Health Problems Reported by Prisoners, 2016*, Table 3.

11. Plaintiff seeks public records to assist in determining whether the extraordinarily low rate of people identified by the BOP as requiring ongoing mental health care and the overrepresentation of the mentally ill in solitary confinement represent a violation of the constitutional and statutory rights of people with mental illness in BOP custody.

**Plaintiff's FOIA Requests and Defendant's Lack of Response**

**FOIA/PA Request Number 2023-01964**

12. By email to BOP dated February 15, 2023, Plaintiff ACLU submitted a FOIA request to Defendant DOJ, attached hereto as Exhibit 1, requesting records that:

1. Identify the number of people housed in general population at each facility who are identified as Healthy, Moderately Mentally Ill or Seriously Mentally Ill at each Initial Mental Health Care Level[3] over the last five years and as of the end of the month immediately preceding production of responsive records.

2. Identify the number of people housed in restrictive housing units at each facility who are identified as Healthy, Moderately Mentally Ill or Seriously Mentally Ill at each Initial Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

3. Identify the number of people housed in general population at each facility who have been given certain mental health related "flags" at each Initial Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

4. Identify the number of people housed in restrictive housing units at each facility who have been given certain mental health related "flags" at each Initial Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

5. Describe the way people with a serious mental illness in BOP custody are identified and/or tracked in the BOP.

6. Identify the number of people housed in general population at each facility whose Mental Health Care Level[4] increased and the number of people whose Mental Health Care Level decreased during September of the last five years and during the three months immediately preceding production of responsive records.

7. Identify the number of people housed in restrictive housing units at each facility whose Mental Health Care Level increased and the number of people whose Mental Health

---

[3] "Initial Mental Health Care Level" was defined as "the mental health screen assignment, identified by the term 'SCRNX-MH', as described in BOP Program Statement 5310.16, Treatment and Care of Inmates with Mental Illness, pages 11-12."

[4] "Mental Health Care Level" was defined as "a level in the classification system used by BOP to reflect mental health needs of persons in BOP custody, as described in BOP Program Statement 5310.16, Treatment and Care of Inmates with Mental Illness, pages 10-11."

Care Level decreased during September of the last five years and during the three months immediately preceding production of responsive records.

8. Relate to the use of certain mental health related "flags".

9. Relate to the difference between the percentage or number of people assigned an Initial Mental Health Care Level indicating a need for ongoing mental health care and the percentage or number of people assigned a Mental Health Care Level indicating a need for ongoing mental health care.

13. Plaintiff ACLU requested a waiver of any search, review, or duplication fees associated with this FOIA request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k), as the disclosure "is likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in the commercial interest of the requester." Plaintiff ACLU provided numerous examples of FOIA requests by the ACLU for which agencies had waived all fees. Further, the letter noted that the ACLU qualifies as a "representative of the news media" and that the records were not being sought for commercial use and that ACLU "should, in no event, be required to pay more than reasonable standard charges for document duplication alone." 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 28 C.F.R. § 16.10(d).

14. By email dated February 15, 2023, Defendant DOJ informed Plaintiff that its FOIA request had been designated as FOIA/PA Request Number 2023-01964. Defendant informed Plaintiff that the request had been designated as "complex" and extended the time to respond to the request by ten days due to "unusual circumstances" as the responsive documents "must be searched for and collected from a field office, and/or the documents responsive to [the] request are expected to be voluminous and will require significant time to review."

15. Defendant DOJ has provided no further communication to Plaintiff regarding this request. Nor has Defendant DOJ produced any responsive records, confirmed it will grant a fee waiver, or identified whether it will comply with the request. the statutory deadline for Defendant to respond to the February 15, 2023 request was March 30, 2023, including the ten-day extension.

**FOIA/PA Request Number 2023-02625**

16. By email to BOP dated March 31, 2023, Plaintiff ACLU submitted another FOIA request to Defendant, attached hereto as Exhibit 2, requesting the following records:

-4-

1. Documents identifying the number of people housed in general population at each facility who are identified as Healthy, Moderately Mentally Ill or Seriously Mentally Ill at each Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

2. Documents identifying the number of people housed in restrictive housing units at each facility who are identified as Healthy, Moderately Mentally Ill or Seriously Mentally Ill at each Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

3. Documents identifying the number of people housed in general population at each facility who have been given certain mental health related "flags" at each Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

4. Documents identifying the number of people housed in restrictive housing units at each facility who have been given certain mental health related "flags" at each Mental Health Care Level over the last five years and as of the end of the month immediately preceding production of responsive records.

5. The August 15, 2017 memorandum from the then-Acting Director of BOP to the Comptroller General of the United States defining "serious mental illness" for purposes of § 14106 of the 21st Century Cures Act.

6. Documents reflecting the Mental Health Care Level history and bases for the determination that a person has a serious mental illness for all people currently in BOP custody who have been determined by BOP to have a serious mental illness.[5]

7. Documents reflecting the time people identified as having a mental illness spend in restrictive housing units.

8. Documents reflecting the time people identified as having a serious mental illness spend in restrictive housing units.

9. Documents reflecting the time people not identified as having a mental illness spend in restrictive housing units.

10. Documents and communications regarding the closure of the Special Management Unit at AUSP Thompson.

17. As with the prior request, Plaintiff ACLU requested a waiver of search, review, or duplication fees associated with its FOIA request pursuant to 5 U.S.C. §§ 552(a)(4)(A)(iii), 552(a)(4)(A)(ii)(II) and 28 C.F.R. § 16.10(d), (k).

18. By email dated April 4, 2023, Defendant DOJ informed Plaintiff that its FOIA had been designated as FOIA/PA Request Number 2023-02625. Defendant informed Plaintiff that the

---

[5] This request directed the BOP's attention to a specific database that had been developed to maintain the requested information in response to a recommendation from the DOJ Office of the Inspector General.

request had been designated as "complex" and extended the time to respond to the request by ten days due to "unusual circumstances" as the responsive documents "must be searched for and collected from a field office, and/or the documents responsive to [the] request are expected to be voluminous and will require significant time to review."

19. Defendant DOJ has provided no further communication to Plaintiff regarding this request. Nor has Defendant DOJ produced any responsive records, confirmed it will grant a fee waiver, or identified whether it will comply with the request. The statutory deadline for Defendant to respond to the March 31, 2023 request was May 12, 2023, including the ten-day extension.

## CAUSES OF ACTION

### COUNT I

### Violation of the Freedom of Information Act for

### Wrongful Withholding of Agency Records

1. Defendant has wrongfully withheld the requested records from Plaintiff.

2. Defendant DOJ did not notify Plaintiff ACLU within the statutory time limit after receipt of the February 15, 2023 request, FOIA/PA Request Number 2023-01964, that it had determined whether it would comply with the request or of the reasons for such determination. Plaintiff has, therefore, exhausted the applicable administrative remedies with respect to this request.

3. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### COUNT II

### Violation of the Freedom of Information Act for

### Failure to Issue a Fee Waiver Determination

1. Defendant has wrongfully denied the request for a waiver of processing fees.

2. Defendant DOJ did not notify Plaintiff ACLU within the statutory time limit after receipt of the February 15, 2023 request, FOIA/PA Request Number 2023-01964, that it had determined whether it would comply with the request or of the reasons for such

1 determination. Plaintiff has, therefore, exhausted the applicable administrative remedies with respect to this request.

3. Plaintiff is entitled to injunctive and declaratory relief with respect to the request for a waiver of all processing fees.

## COUNT III

### Violation of the Freedom of Information Act for

### Wrongful Withholding of Agency Records

1. Defendant has wrongfully withheld the requested records from Plaintiff.

2. Defendant DOJ did not notify Plaintiff ACLU within the statutory time limit after receipt of the March 31, 2023 request, FOIA/PA Request Number 2023-02625, that it had determined whether it would comply with the request or of the reasons for such determination. Plaintiff has, therefore, exhausted the applicable administrative remedies with respect to this request.

3. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## COUNT IV

### Violation of the Freedom of Information Act for

### Failure to Issue a Fee Waiver Determination

1. Defendant has wrongfully denied the request for a waiver of processing fees.

2. Defendant DOJ did not notify Plaintiff ACLU within the statutory time limit after receipt of the March 31, 2023 request, FOIA/PA Request Number 2023-02625, that it had determined whether it would comply with the request or of the reasons for such determination. Plaintiff has, therefore, exhausted the applicable administrative remedies with respect to this request.

3. Plaintiff is entitled to injunctive and declaratory relief with respect to the request for a waiver of all processing fees.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant DOJ to search for any and all records responsive to Plaintiff ACLU's February 15, 2023 and March 31, 2023 FOIA requests, FOIA/PA Request Numbers 2023-01964 and 2023-02625, respectively;

B. Order Defendant DOJ to disclose promptly all non-exempt records and segregable portions of records that are responsive to Plaintiff's February 15, 2023 and March 31, 2023 FOIA requests immediately;

C. Order Defendant DOJ to produce a *Vaughn* index of any responsive records or portions thereof withheld under a claim of exemption;

D. Declare that Plaintiff is entitled to disclosure of the requested records;

E. Order Defendant DOJ to waive all processing fees related to the Plaintiff ACLU's February 15, 2023 and March 31, 2023 FOIA requests, FOIA/PA Request Numbers 2023-01964 and 2023-02625, respectively;

F. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

G. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Maria V. Morris
MARIA V. MORRIS, Cal. Bar No. 223903
mmorris@aclu.org
ACLU National Prison Project
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005-2302
(202) 548-6607

CORENE KENDRICK, Cal. Bar No. 226642
KYLE VIRGIEN, Cal. Bar No. 278747
ckendrick@aclu.org
kvirgien@aclu.org
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930

| | |
|---|---|
| 1 | |
| 2 | EMI MACLEAN, Cal. Bar No. 319071 |
|   | EMacLean@aclunc.org |
| 3 | ACLU OF NORTHERN CALIFORNIA |
|   | 39 Drumm Street |
| 4 | San Francisco, California 94111 |
|   | Telephone: (415) 621-2493 |
| 5 | |
| 6 | *Counsel for Plaintiffs* |