CORENE KENDRICK (SBN 226642)
ckendrick@aclu.org
KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930

MARIA V. MORRIS (SBN 223903)
mmorris@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6607

EMI MACLEAN (SBN 319071)
EMacLean@aclunc.org
ACLU OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493

Attorneys for Plaintiff

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7073
FAX: (415) 436-6748
wes.samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CASE NO. 3:23-CV-05248-JD<br><br>**INITIAL CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference: Thursday, January 11, 2024, 10:00 am<br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102<br>Before the Honorable Judge Donato |

Pursuant to Civil L.R. 16-9 and Dkt. Nos. 6 and 14, Plaintiff the American Civil Liberties Union Foundation ("Plaintiff") and Defendant the United States Department of Justice ("Defendant") (Plaintiff and Defendant collectively, the "Parties") submit this Initial Joint Case Management Statement.

**1.  Jurisdiction and Service:**

Plaintiff's Position:  Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). The Court has subject matter jurisdiction over this FOIA action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§1331 and 1346. The parties do not contest personal jurisdiction or venue in this case. No parties remain to be served.

Defendant's Position:  Defendant was served with the Complaint on December 13, 2023, and is evaluating the Complaint and investigating the status of Plaintiff's FOIA requests. Defendant is due to answer or otherwise respond to the Complaint on February 15, 2024. *See* Dkt. No. 12.

**2.  Facts:**

This action arises out of two FOIA requests made by Plaintiff, the first of which is dated February 15, 2023 (Dkt. No. 1-1), and the second of which is dated March 31, 2023 (Dkt. No. 1-2).  The two FOIA requests generally seek data about mental health care provided by the Federal Bureau of Prisons ("BOP").

Plaintiff's Position:  The BOP acknowledged receipt of the requests on February 15, 2023 and April 4, 2023, respectively. The BOP did not further communicate with Plaintiffs regarding the requests or disclosure of the requested documents prior to the filing of the Complaint on October 13, 2023.

Defendant's Position:  The Complaint (Dkt. No. 1) was filed on October 13, 2023.  Defendant was served on December 13, 2023. Defendant is presently investigating the status of Plaintiff's FOIA requests and evaluating the Complaint.

**3.  Legal Issues:**

Plaintiff seeks the prompt release of the records requested in the FOIA requests and a waiver of the associated processing fees.

///

///

///

4.  **Motions**:

There are no pending motions. The Complaint was filed on October 13, 2023.  *See* Dkt. No. 1. On October 16, 2023, the Court set an initial case management conference for January 11, 2024, with an initial joint case management statement due on January 4, 2024. Defendant was served on December 13, 2023. Thereafter the Parties stipulated to extend the deadline for Defendant to answer or otherwise respond to the Complaint to February 15, 2024, to give Defendant an opportunity to investigate the status of Plaintiff's FOIA requests.  *See* Dkt. No. 12. The Parties also filed a joint stipulation to continue the initial case management deadlines which was denied.  *See* Dkt. Nos. 13, 14.

5.  **Amendment of Pleadings**:

Defendant has not yet answered and is presently evaluating the Complaint and investigating the status of the FOIA requests identified therein.  No amendments to the pleadings are anticipated by either Party at this time.

6.  **Evidence Preservation**:

The Parties have taken, or are taking, steps necessary to preserve evidence relevant to the issues reasonably evident in this action.  The parties also certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties are not aware of any evidence preservation issues that may impact this dispute.

7.  **Disclosures**:

At least as of the filing of this Initial Joint Case Management Statement the Parties agree and stipulate that initial disclosures are not necessary at this time because this is a FOIA action. Plaintiff reserves the right to request them if unanticipated issues and disputes arise.

8.  **Discovery**:

To date, no discovery has been taken by any Party.  At least as of the filing of this Initial Joint Case Management Statement the Parties agree and stipulate that discovery is not necessary at this time. Plaintiff anticipates resolving the document production issues presented in this FOIA case informally, or

1  via cross-motions for summary judgment, without the need for formal discovery, but reserves the right to

2  conduct such discovery if it becomes necessary.

3    **9.  Class Actions:**

4    This lawsuit is not a class action.

5    **10. Related Cases:**

6    The Parties do not believe that there are related cases with the meaning of Civil L.R. 3-12(a).

7    Plaintiff Further Reports: There are other pending FOIA cases between the ACLU and the

8  Department of Justice regarding other FOIA requests to the BOP but that these two cases seek disclosure

9  of different documents than those at issue in this case. They are both much farther along in the disclosure

10 process, and will both likely be proceeding to summary judgment within the coming months. Both are

11 pending in the District Court of the District of Columbia. Plaintiff does not believe that there is a likelihood

12 of unduly burdensome duplication of labor or expense, or of conflicting results between those cases and

13 this one.

14    **11. Relief:**

15    The Complaint contains four causes of action which respectfully seek the prompt search for and

16 release of the records requested in the two FOIA requests,  waiver of the associated processing fees, and

17 reasonable attorney fees and litigation costs.

18    Defendant has not yet answered. Defendant is evaluating the Complaint and investigating the

19 status of Plaintiff's FOIA requests. Defendant is due to answer or otherwise respond to the Complaint on

20 February 15, 2024.  *See* Dkt. No. 12.

21    **12. Settlement and ADR:**

22    The Parties have conferred per ADR L.R. 3-5(a) and on December 22, 2023, filed ADR

23 Certifications per ADR L.R. 3-5(b).  *See* Dkt. Nos. 16, 17.  Given the early stage of this case, the Parties

24 agree that setting a deadline for any ADR is premature at this time. Once Defendant has answered or

25 otherwise responded to the Complaint it may be possible to ascertain whether this case is appropriate for

26 a settlement conference with a magistrate judge.

27

28

**13. <u>Other References</u>:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. <u>Narrowing of Issues</u>:**

The Parties have met and conferred to narrow the issues in dispute and will continue to do so. *See e.g.* Dkt. Nos. 12, 13. The Parties will continue to confer on ways to narrow or streamline this case as it progresses.

**15. <u>Scheduling</u>:**

The Parties are working in good faith to resolve the issues in this action. To the extent any disputes remain the Parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment. To allow the parties time to complete discussions, however, the Parties propose submitting a joint status report on Thursday, May 16, 2024, which is 91 days after Defendant's deadline to answer or otherwise respond to the Complaint.

**16. <u>Trial</u>:**

The parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment.

**17. <u>Disclosure of Non-party Interested Entities or Persons</u>:**

Defendant is not required to file a Certification of Interested Entities or Person under Civil L.R. 3-15. Plaintiff has filed its Certification.

**18. <u>Professional Conduct</u>:**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

///

///

///

///

///

///

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 3:23-CV-05248-JD                                                                      4

19. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

DATED: January 4, 2024                    /s/ *J. Wesley Samples*
                                          J. WESLEY SAMPLES
                                          Assistant United States Attorney
                                          Attorney for Defendant

DATED: January 4, 2024                     /s/ *Maria V. Morris* *
                                          MARIA V. MORRIS,
                                          ACLU National Prison Project
                                          Attorney for Plaintiff

* *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*